Filed 11/8/22  P. v. Alejandre CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, <br>     Plaintiff and Respondent, <br> v. <br> ALBERTO JOSE ALEJANDRE, <br>     Defendant and Appellant. | A164868 <br><br> (Contra Costa County Super. Ct. No. 51001346) |

Alberto Jose Alejandre appeals from the denial of his petition for resentencing brought pursuant to former Penal Code section 1170.95.[1]  We affirm.

## BACKGROUND

In 2010, a jury convicted Alejandre of several felonies, including first degree murder and conspiracy to commit murder; the jury also found true an allegation that a codefendant discharged a firearm causing death.  This court affirmed.  (*People v. Alejandre* (Sept. 5, 2013, A131367, A137456) [nonpub. opn.] (prior opinion).)

---

[1] Undesignated statutory references are to the Penal Code.  Section 1170.95 has been renumbered section 1172.6.  (Stats. 2022, ch. 58, § 10.)

Years later, Alejandre petitioned for resentencing under former section 1170.95, and the trial court appointed counsel for him. In opposition, the prosecution summarized the procedural history as stated in the prior opinion and urged the court to deny the petition without issuing an order to show cause. Alejandre objected "to the court considering the recitation of facts in the . . . opinion." The court summarily denied the petition. It concluded Alejandre was ineligible for relief as a matter of law "because he was not convicted under a felony murder or natural and probable consequence[s] theory, and his conviction of conspiracy to commit murder required the jury to find he harbored express malice aforethought." In reaching this conclusion, the court considered the jury instructions and verdicts — as well as the procedural history recited in the prior opinion — and it relied on *People v. Medrano* (2021) 68 Cal.App.5th 177, which held relief under former section 1170.95 "is unavailable to a petitioner concurrently convicted of first degree murder and conspiracy to commit first degree murder where both convictions involve the same victim" (*Medrano*, at p. 179) because " 'a conviction of conspiracy to commit murder requires a finding of intent to kill.' " (*Id.* at p. 184.)

Alejandre appealed. His appointed counsel filed a brief raising no issues and requesting this court conduct an independent review of the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Counsel apprised Alejandre of his right to file a supplemental brief, but he has not filed anything. The Supreme Court is currently considering the procedures appointed counsel and the Courts of Appeal must follow when counsel determines "an appeal from an order denying postconviction relief lacks arguable merit." (*People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.], review granted Feb. 17, 2021, S266305.) Pending further guidance concerning the applicability of

2

*Wende* procedures in postconviction relief appeals, we exercise our discretion to independently review the record for arguable issues. (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fn. 7.) Having done so, we find none.

## DISPOSITION

The order denying Alejandre's petition for resentencing is affirmed.

_____

Rodríguez, J.

WE CONCUR:

_____

Tucher, P. J.

_____

Fujisaki, J.

A164868